1  **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8

9   Granville Carroll,                    )    No. CV 10-2032-PHX-RCB (ECV)
                                          )
10           Plaintiff,                    )    **ORDER**
                                          )
11  vs.                                    )
                                          )
12  Maricopa County Sheriff, et al.,       )
                                          )
13           Defendants.                   )
    _____)

14

15          Plaintiff Carroll Granville, who is confined in the Arizona State Prison in Globe,

16  Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an

17  Application to Proceed *In Forma Pauperis*.   On October 4, 2010, the Court denied the

18  Application to Proceed with leave to re-file.  On October 25, 2010, Plaintiff filed a new

19  Application to Proceed (Doc. 6).  The Court will dismiss the Complaint with leave to amend.

    **I.    Application to Proceed *In Forma Pauperis* and Filing Fee**
20
            Plaintiff's new Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C.
21
    § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).
22
    The Court will assess an initial partial filing fee of $25.87.  The remainder of the fee will be
23
    collected monthly in payments of 20% of the previous month's income each time the amount
24
    in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate
25
    Order requiring the appropriate government agency to collect and forward the fees according
26
    to the statutory formula.
27

28

**JDDL-K**

1

## II.    Statutory Screening of Prisoner Complaints

2

3        The Court is required to screen complaints brought by prisoners seeking relief against

4   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

6   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

7   be granted, or that seek monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b)(1), (2).

8        A pleading must contain a "short and plain statement of the claim *showing* that the

9   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not

10   demand detailed factual allegations, "it demands more than an unadorned, the-defendant-

11   unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

12   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

13   statements, do not suffice."  Id.

14        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

15   claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly,

16   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

17   that allows the court to draw the reasonable inference that the defendant is liable for the

18   misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for

19   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

20   experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual

21   allegations may be consistent with a constitutional claim, a court must assess whether there

22   are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

23        But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

24   must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, No. 07-17265, 2010 WL

25   2947323, at *3 (9th Cir. Jul. 29, 2010).  A "complaint [filed by a *pro se* prisoner] 'must be

26   held to less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting

27   Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

28        If the Court determines that a pleading could be cured by the allegation of other facts,

a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

**III.    Complaint**

Plaintiff names the following Defendants in the Complaint: the Maricopa County Sheriff, Maricopa County Correctional Health Services, and Maricopa County Assistant Public Defender Lance Antonson.

Plaintiff raises three grounds for relief in the Complaint:

(1)    Plaintiff's Eighth Amendment rights were violated when two detention officers negligently failed to lock down Plaintiff's pod and Plaintiff was attacked by other inmates;

(2)    Plaintiff's Eighth Amendment rights were violated when he did not receive adequate medical care for his broken hand; and

(3)    Plaintiff's trial counsel was ineffective.

Plaintiff seeks money damages.

**IV.    Failure to State a Claim**

**A.    Defendants**

**1.    Maricopa County Sheriff**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).  There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights

1   does not impose liability.  Monell v. New York City Department of Social Services, 436 U.S.

2   658, 691-92 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List,

3   880 F.2d 1040, 1045 (9th Cir. 1989).  "Because vicarious liability is inapplicable to Bivens

4   and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the

5   official's own individual actions, has violated the Constitution."  Iqbal, 129 S. Ct. at 1948.

6        Plaintiff has not alleged that Defendant Maricopa County Sheriff personally

7   participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation

8   and failed to act, or formed policies that resulted in Plaintiff's injuries.  Thus, the Court will

9   dismiss without prejudice Defendant Maricopa County Sheriff.

10  **2.  Maricopa County Correctional Health Services**

11       Municipalities and other local governing bodies are included among those "persons"

12  who may be sued under § 1983.  Monell v. Department of Social Services of New York, 436

13  U.S. 658, 690-91 (1978).  Because Maricopa County Correctional Health Services is not a

14  municipal corporation, a local governing body or a private corporation, it is not a "person"

15  amenable to suit under § 1983.  Maricopa County is responsible for providing medical care

16  to county jail inmates.  See Ariz. Rev. Stat. § 11-291(A).  Any actions against a county

17  policy must be brought against the county itself and not against an administrative subdivision

18  of the county; thus, Maricopa County Correctional Health Services is an improper defendant.

19  **3.  Defendant Antonson**

20       A prerequisite for any relief under 42 U.S.C. § 1983 is a showing that the defendant

21  has acted under the color of state law.  Whether an attorney representing a criminal defendant

22  is a public defender or court-appointed counsel, he or she does not act under color of state

23  law.  See Polk County v. Dodson, 454 U.S. 312, 317-18 (1981).  Accordingly, Plaintiff has

24  failed to state a claim against Defendant Antonson.

25  **B.  Count I–Failure to Protect**

26       In Count I, Plaintiff claims that two detention officers negligently failed to lock down

27  his pod after observing tension among the inmates.  Plaintiff alleges that, as a result, he was

28  attacked by other inmates and suffered a broken hand.

First, the Court notes that Plaintiff has not named either Detention Officer as a Defendant in this action.  Further, the Supreme Court has held that mere negligent failure to protect an inmate from another inmate is not actionable under § 1983.  <u>Davidson v. Cannon</u>, 474 U.S. 344 (1986).  A prison official violates the Eighth Amendment in failing to protect one inmate from another only when two conditions are met.  First, the alleged constitutional deprivation must be, objectively, "sufficiently serious;" the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities."  <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).  Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. <u>Id.</u>  In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test:

> the official must <u>both</u> be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, <u>and</u> he must also draw the inference.

<u>Id.</u> at 839 (emphasis supplied).

Plaintiff has not alleged facts demonstrating that the Detention Officers were deliberately indifferent to a threat to his safety.  Plaintiff has therefore failed to state a claim in Count I.

### C.    Count II–Medical Claims

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. <u>Jett</u>, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know

of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. at 837. Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." Clement v. California Dep't of Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983).

In Count II, Plaintiff claims that after receiving an x-ray, "Defendants carelessly and negligently fail[ed] to give proper medical attention. Defendant improperly splinted the Plaintiff[']s left hand." Plaintiff claims that his hand did not heal proper and that by the time he saw a specialist, it was too late to repair the damage to his hand.

First, Plaintiff has not linked his medical claims to specific, individual Defendants who were responsible for providing him with inadequate medical care. Further, even if Plaintiff had named proper Defendants, Plaintiff has shown, at most, that he received negligent medical care. Plaintiff has not alleged facts showing that individual Defendants were deliberately indifferent to his medical needs. Plaintiff has therefore failed to state a claim in Count II.

**D.    Count III**

A prisoner's claim for damages cannot be brought under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously

1   been reversed, expunged, or otherwise invalidated.  <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-

2   87 (1994).  Plaintiff's claim that his trial counsel was ineffective implies the invalidity of his

3   conviction, and his claims are therefore barred by <u>Heck</u>.  Plaintiff has failed to state a claim

4   in Count III.

5   **V.   Leave to Amend**

6          For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state

7   a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first

8   amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail

9   Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails

10  to use the court-approved form, the Court may strike the amended complaint and dismiss this

11  action without further notice to Plaintiff.

12         If Plaintiff files an amended complaint, Plaintiff must write short, plain statements

13  telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of

14  the Defendant who violated the right; (3) exactly what that Defendant did or failed to do;

15  (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's

16  constitutional right; and (5) what specific injury Plaintiff suffered because of that

17  Defendant's conduct.  <u>See</u> <u>Rizzo</u>, 423 U.S. at 371-72, 377.

18         Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff

19  fails to affirmatively link the conduct of each named Defendant with the specific injury

20  suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to

21  state a claim.  **Conclusory allegations that a Defendant or group of Defendants have**

22  **violated a constitutional right are not acceptable and will be dismissed**.

23         Plaintiff must clearly designate on the face of the document that it is the "First

24  Amended Complaint."  The first amended complaint must be retyped or rewritten in its

25  entirety on the court-approved form and may not incorporate any part of the original

26  Complaint by reference.  Plaintiff may include only one claim per count.

27         A first amended complaint supersedes the original complaint. <u>Ferdik v. Bonzelet</u>, 963

28  F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542,

1   1546 (9th Cir. 1990).   After amendment, the Court will treat an original complaint as

2   nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original

3   complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d

4   565, 567 (9th Cir. 1987).

5   **VI.    Warnings**

6       **A.    Release**

7       Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

8   Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

9   the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

10  in dismissal of this action.

11      **B.    Address Changes**

12      Plaintiff must file and serve a notice of a change of address in accordance with Rule

13  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

14  relief with a notice of change of address.  Failure to comply may result in dismissal of this

15  action.

16      **C.    Copies**

17      Plaintiff must submit an additional copy of every filing for use by the Court.  See

18  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

19  to Plaintiff.

20      **D.    Possible "Strike"**

21      Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails

22  to file an amended complaint correcting the deficiencies identified in this Order, the

23  dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

24  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

25  judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior

26  occasions, while incarcerated or detained in any facility, brought an action or appeal in a

27  court of the United States that was dismissed on the grounds that it is frivolous, malicious,

28  or fails to state a claim upon which relief may be granted, unless the prisoner is under

1  imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

2      **E.    Possible Dismissal**

3          If Plaintiff fails to timely comply with every provision of this Order, including these

4  warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at

5  1260-61 (a district court may dismiss an action for failure to comply with any order of the

6  Court).

7  **IT IS ORDERED:**

8      (1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 6) is **granted**.

9      (2)    As required by the accompanying Order to the appropriate government agency,

10  Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $25.87.

11      (3)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has

12  **30 days** from the date this Order is filed to file a first amended complaint in compliance with

13  this Order.

14      (4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

15  Court must, without further notice, enter a judgment of dismissal of this action with prejudice

16  that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

17      (5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

18  rights complaint by a prisoner.

19          DATED this 17th day of November, 2010.

22  _____

Robert C. Broomfield
Senior United States District Judge