**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Granville Lee Carroll, | No. CV 10-2032-PHX-RCB (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Sheriff, et al., | |
| Defendants. | |

On September 22, 2010, Plaintiff Granville Lee Carroll, who is confined in the Arizona State Prison Complex-Globe, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a November 18, 2011 Order, the Court granted Plaintiff *in forma pauperis* status and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On December 6, 2010, Plaintiff filed a Motion for Extension of Time to file an amended complaint (Doc. 10). On January 4, 2011, Plaintiff filed his First Amended Complaint (Doc. 11). The Court will grant the Motion for Extension of Time and will accept the First Amended Complaint as timely filed. The Court will also order Defendants Jackson and Doe A6203 to answer Count III of the First Amended Complaint.

. . . .

**TERMPSREF**

1   **I.      Statutory Screening of Prisoner Complaints**

2      The Court is required to screen complaints brought by prisoners seeking relief against
3   a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.
4   § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
5   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
6   be granted, or that seek monetary relief from a defendant who is immune from such relief.
7   28 U.S.C. § 1915A(b)(1), (2).

8      A pleading must contain a "short and plain statement of the claim *showing* that the
9   pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not
10  demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
11  unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
12  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
13  statements, do not suffice." Id.

14     "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
15  claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
16  550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
17  that allows the court to draw the reasonable inference that the defendant is liable for the
18  misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
19  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
20  experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual
21  allegations may be consistent with a constitutional claim, a court must assess whether there
22  are other "more likely explanations" for a defendant's conduct. Id. at 1951.

23     But as the United States Court of Appeals for the Ninth Circuit has instructed, courts
24  must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th
25  Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards
26  than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,
27  94 (2007) (*per curiam*)).

28  . . . .

**II.     First Amended Complaint**

Plaintiff sues the following Defendants: Maricopa County; Correctional Officers John Doe and James Doe, Sergeant Jackson, Sergeant Jason Doe A6203, and Medical Administrator Joe or Jane Doe.

Plaintiff raises three claims for relief in the Amended Complaint:

(1)   Defendants John and James Doe failed to protect Plaintiff from an attack by other inmates, watched the attack for some length of time without pressing an alarm or sending for help, and then fled the pod saying "the hell with this";

(2)   Plaintiff was not provided with surgery for his broken hand; and

(3)   Defendants Jackson and Doe A6203 violated Plaintiff's due process rights when they placed him in disciplinary segregation for 28 days without following disciplinary procedures.

Plaintiff seeks declaratory relief and money damages.

**III.    Failure to State a Claim**

   **A.     Maricopa County**

A § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless the plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)). Plaintiff has made no allegations against Defendant Maricopa County and has therefore failed to state a claim against it. Defendant Maricopa County will be dismissed.

   **B.     Medical Claims**

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating

1  that failure to treat the condition could result in further significant injury or the unnecessary
2  and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.
3  Jett, 439 F.3d at 1096 (quotations omitted).

4  "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051,
5  1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know
6  of and disregard an excessive risk to inmate health; "the official must both be aware of facts
7  from which the inference could be drawn that a substantial risk of serious harm exists, and
8  he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate
9  indifference in the medical context may be shown by a purposeful act or failure to respond
10 to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439
11 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally
12 denies, delays, or interferes with medical treatment or by the way prison doctors respond to
13 the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

14 Deliberate indifference is a higher standard than negligence or lack of ordinary due
15 care for the prisoner's safety. Farmer, 511 U.S. at 835. "Neither negligence nor gross
16 negligence will constitute deliberate indifference." Clement v. California Dep't of
17 Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter
18 Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or
19 "medical malpractice" do not support a claim under § 1983).

20 In Count II, Plaintiff alleges that after suffering a broken hand, the nurse on duty only
21 placed a splint on the hand. Three days later, Plaintiff states that he saw an orthopedic
22 specialist who informed him that he would need surgery. Plaintiff alleges that "due to
23 negligence," Defendant Joe or Jane Doe failed to schedule his surgery. When Plaintiff was
24 taken to the hospital after an additional 17 days, he was informed that it had been too long
25 since he suffered the injury and the surgery could not be performed.

26 Plaintiff has not alleged facts sufficient to show that Defendant Joe or Jane Doe was
27 deliberately indifferent to his serious medical needs. Plaintiff has shown only that Defendant
28

Joe or Jane Doe was negligent in failing to schedule Plaintiff's surgery. The Court will therefore dismiss Count II for failure to state a claim.

**IV.    Claims for Which an Answer Will be Required**

In Count III, Plaintiff claims that Defendants Jackson and Doe A6203 violated his due process rights when they placed him disciplinary segregation for 28 days without following disciplinary procedures. Liberally construed, these allegations adequately state a Fourteenth Amendment due process claim and the Court will require Defendants Jackson and Doe A6203 to answer Count III.

In Count I, Plaintiff claims that Defendants John and James Doe failed to protect Plaintiff from an attack by other inmates and failed to intervene to stop the attack. Although Plaintiff has alleged his claim, which the Court construes as brought pursuant to the Eighth and Fourteenth Amendments, with enough specificity to require an answer, the Court will not direct that service be made on Defendants John and James Doe at this time. Generally, the use of John Doe-type appellations to identify defendants is not favored, and as a practical matter, it is in most instances impossible for the United States Marshal to serve a summons and complaint upon an unidentified defendant. However, the Court will not dismiss the claim against Defendants John and James Doe at this time. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)) (where identity of alleged defendants will not be known prior to filing of complaint, plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds).

If Plaintiff later discovers the identity of these Defendants, Plaintiff should amend his Complaint to name them. Plaintiff must file a motion requesting leave to amend and submit a proposed amended complaint.[1]

---

[1] Plaintiff should note that all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original").

## V. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's December 6, 2010 Motion for Extension of Time (Doc. 10) is **granted**; the Court will accept the First Amended Complaint as timely filed.

(2) Count II is **dismissed** without prejudice.

(3) Defendants Maricopa County and Joe or Jane Doe (Medical Administrator) are **dismissed** without prejudice.

1     (4)  Defendants Jackson and Doe A6203 must answer Count III.

2     (5)  The Clerk of Court must send Plaintiff a service packet including the First
3 Amended Complaint (Doc. 11), this Order, and both summons and request for waiver forms
4 for Defendants Jackson and Doe A6203 .

5     (6)  Plaintiff must complete and return the service packet to the Clerk of Court
6 within 21 days of the date of filing of this Order.  The United States Marshal will not provide
7 service of process if Plaintiff fails to comply with this Order.

8     (7)  If Plaintiff does not either obtain a waiver of service of the summons or
9 complete service of the Summons and First Amended Complaint on a Defendant within 120
10 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever
11 is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m);
12 LRCiv 16.2(b)(2)(B)(I).

13     (8)  The United States Marshal must retain the Summons, a copy of the First
14 Amended Complaint, and a copy of this Order for future use.

15     (9)  The United States Marshal must notify Defendants of the commencement of
16 this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
17 Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The
18 Marshal must immediately file requests for waivers that were returned as undeliverable and
19 waivers of service of the summons.  If a waiver of service of summons is not returned by a
20 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
21 Marshal must:

22          (a)  personally serve copies of the Summons, First Amended Complaint, and
23     this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil
24     Procedure; and

25          (b)  within 10 days after personal service is effected, file the return of service
26     for Defendant, along with evidence of the attempt to secure a waiver of service of the
27     summons and of the costs subsequently incurred in effecting service upon Defendant.
28     The costs of service must be enumerated on the return of service form (USM-285) and

must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10)   **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11)   Defendants must answer the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)   Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13)   This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 27th day of January, 2011.

_____
Robert C. Broomfield
Senior United States District Judge