**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Granville Lee Carroll, | ) | No. CV 10-2032-PHX-RCB (ECV) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Maricopa County Sheriff, et al., | ) | |
| Defendants. | ) | |

On September 22, 2010, Plaintiff Granville Lee Carroll, who is confined in the Arizona State Prison Complex-Globe, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a November 18, 2011 Order, the Court granted Plaintiff *in forma pauperis* status and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On December 6, 2010, Plaintiff filed a Motion for Extension of Time to file an amended complaint (Doc. 10). On January 4, 2011, Plaintiff filed his First Amended Complaint (Doc. 11). In a January 28, 2011 Order, the Court: (1) granted the Motion for Extension of Time; (2) dismissed Count II of the First Amended Complaint and Defendants Maricopa County and Defendant Medical Administrator Doe; and (3) ordered Defendants Jackson and Doe A6203 to answer Count III of the First Amended Complaint. The Court

1  found that Plaintiff stated a claim against the Doe Defendants named in Count I, but did not
2  order service on the Doe Defendants.
3        On February 17, 2011, Plaintiff filed a Motion for Leave to File Amended Complaint
4  and Reconsideration of Dismissal of Count II (Doc. 14).

5  **I.     Motion to Amend**

6        In his Motion, Plaintiff states that since the filing of the First Amended Complaint,
7  he has learned the names of the Doe Defendants described in Count I and asks that he be
8  allowed to file an amended complaint to properly name these Defendants. Plaintiff states that
9  the Defendants are Maricopa County Correctional Officers Dubbs and Herrera. Plaintiff did
10 not include an amended complaint with his motion.
11       The Court will direct the Clerk of Court to substitute Defendants Dubbs and Herrera
12 for Defendants John and James Doe.  The Court will order service of the First Amended
13 Complaint on Defendants Dubbs and Herrera and will require them to answer Count I of the
14 First Amended Complaint.

15 **II.    Motion for Reconsideration**

16       Plaintiff also asks that the Court reconsider its dismissal of Count II of the Amended
17 Complaint. The Court dismissed the claim because the Court determined Plaintiff's facts
18 demonstrated, at best, that Defendants were negligent in treating Plaintiff's broken hand and
19 that Plaintiff's facts did not demonstrate medical deliberate indifference.
20       Plaintiff argues that Count II should be allowed to proceed as a malpractice claim
21 under the Court's supplemental jurisdiction. Plaintiff's First Amended Complaint was filed
22 under 42 U.S.C. § 1983 and did not invoke the Court's supplemental jurisdiction. Federal
23 courts have limited jurisdiction, and limitations on the court's jurisdiction must neither be
24 disregarded nor evaded. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978).
25 The court will not infer allegations supporting federal jurisdiction; federal subject matter
26 jurisdiction must always be affirmatively alleged. Stock West, Inc., v. Confederated Tribes
27 of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989) ("A federal court is
28 presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.").

Because Plaintiff's claims in Count II were brought under § 1983 and not under the Court's supplemental jurisdiction, dismissal of Count II was appropriate and the Court finds no reason to reconsider the dismissal. The Court will deny Plaintiff's Motion for Reconsideration.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn with respect to Plaintiff's Motion for Leave to file Amended Complaint and Motion for Reconsideration (Doc. 14). All other matters must remain with the Magistrate Judge as appropriate.

(2) Plaintiff's Motion for Leave to Amend and Motion for Reconsideration (Doc. 14) is **granted in part and denied in part:**

    (a) The Motion is **granted** to the extent that the Clerk of Court must substitute Defendants Officer Dubbs and Officer Herrera for Defendants John Doe (Maricopa County Correctional Officer) and James Doe (Maricopa County Correctional Officer); and

    (b) The Motion is **denied** with respect to all other relief requested.

(3) Defendants Dubbs and Herrera **must answer** Count I of the First Amended Complaint (Doc. 11).

(4) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 11), the January 28, 2011 Order, this Order, and both summons and request for waiver forms for Defendants Dubbs and Herrera.

(5) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on Defendants Dubbs and Herrera within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

1    (7) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, a copy of the January 28, 2011 Order, and a copy of this Order for future use.

(8) The United States Marshal must notify Defendants Dubbs and Herrera of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of the January 28, 2011 Order and this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a) personally serve copies of the Summons, First Amended Complaint, the January 28, 2011 Order, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and First Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendants Dubbs and Herrera must answer Count I of the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

1   (11)   Any answer or response must state the specific Defendant by name on whose
2 behalf it is filed.  The Court may strike any answer, response, or other motion or paper that
3 does not identify the specific Defendant by name on whose behalf it is filed.

4   DATED this 25th day of March, 2011.

_____
Robert C. Broomfield
Senior United States District Judge