**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Granville Lee Carroll, | ) | No. CV 10-2032-PHX-RCB (ECV) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Maricopa County Sheriff's, et al., | ) | |
| Defendants. | ) | |

Plaintiff Granville Lee Carroll brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County Correctional Officers Jackson, A6203, Dubbs, and Herrera (Doc. 11).[1] Defendants move to dismiss Count I of Plaintiff's First Amended Complaint on the ground that he failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA) (Doc. 24). The motion is fully briefed (Docs. 26, 30).[2] The Court will grant the motion and dismiss Count I without prejudice.

**I.  Background**

Plaintiff's claims stem from his incarceration at the Fourth Avenue Jail in Phoenix, Arizona (Doc. 11 at 1). Plaintiff alleged that on June 1, 2009, he was assaulted by several other inmates (id. at 4). Plaintiff averred that Dubbs and Herrera watched the assault without

---

[1] Plaintiff named two John Doe Officers in his First Amended Complaint but then substituted Dubbs and Herrera (Doc. 14).

[2] Plaintiff also filed a sur-reply, which the Court struck upon Defendant's motion (Docs. 32-34).

intervening or requesting help and then fled the pod, which resulted in Plaintiff sustaining serious injuries (id., Count I). Plaintiff further alleged that Jackson and Officer A6203 placed him in disciplinary segregation for 28 days without following disciplinary procedures (id. at 6, Count III). The Court ordered Dubbs and Herrera to answer Count I and Jackson and A6203 to answer Count III (Doc. 12).[3] Defendants Jackson and A6203 filed their Answer (Doc. 21); Defendants Dubbs and Herrera filed a Motion to Dismiss (Doc. 24).

In their motion, Defendants contend that Plaintiff failed to exhaust his administrative remedies for Count I as required by the PLRA, 42 U.S.C. § 1997e(a) (id.). In support, Defendants submit the affidavit of Sergeant Selethia L. Down (id., Ex. A). Down, a Sergeant assigned to the Inmate Hearing Unit, describes the jail's grievance procedure, which is set forth in Maricopa County Sheriff's Office Policy DJ-3.[4] She further attests that her search of the grievance records reflects that while Plaintiff did file fifteen grievances during his Maricopa County incarceration, he did not file any grievances related to the claim that Dubbs and Herrera failed to protect him from an inmate assault on June 1, 2009 (id., Ex. A, Down Aff. ¶¶ 16-17). Down also attests all inmates are provided a copy of the MCSO Rules and Regulations for Inmates, which detail the jail's grievance procedure (id. ¶ 14).

The Court issued an Order informing Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Defendants' contentions (Doc. 25).[5] In response, Plaintiff argues he could not grieve his claim because of the injury he sustained to his left hand (Doc. 26). Alternatively, Plaintiff asserts that exhaustion would have been futile

---

[3] Count II was dismissed for failure to state a claim (Doc. 12 at 6). Defendants Maricopa County and Joe or Jane Doe (Medical Administrator) were also dismissed (id.).

[4] Policy DJ-3 describes the jail's grievance process: (1) the inmate submits a grievance form to a detention officer; (2) if the officer cannot resolve the issue, the grievance is forwarded to the shift supervisor; (3) if the shift supervisor cannot resolve the problem, the grievance is forwarded to the hearing officer; (4) the hearing officer's decision may be appealed to the jail commander via an Institutional Grievance Appeal; and (5) the jail commander's decision may be appealed to an External Referee by filing an External Grievance Appeal (Doc. 24, Ex. A, Down Aff. ¶¶ 5-12). The External Referee's decision is final and concludes the grievance procedures (id. ¶ 13).

[5] Notice required under Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003).

because the failure to protect had already occurred (id. at 2).

In their reply, Defendants maintain that Plaintiff was required to exhaust the jail's grievance procedure even if he thought the process was futile (Doc. 30). Further, Defendants argue that Plaintiff's claim that he could not file grievances because of his injured hand is meritless because Plaintiff was able to fill out other forms during the same time period and he provides no other evidence that relief was unavailable (id. at 2-3). Specifically, Defendants introduce three inmate request forms that Plaintiff submitted on June 3, 4, and 12, respectively, requesting pain medication or treatment (id., Exs. 1-3). Defendants also proffer an inmate grievance dated July 2, complaining about missing items he ordered from the canteen (id., Ex. 5). Defendants also argue that Plaintiff provides no evidence that he tried to file a late grievance or that he sought assistance from jail personnel to complete a grievance form (Doc. 30 at 3).

## II. Exhaustion Legal Standard

Under the PLRA, a prisoner must exhaust available administrative remedies before bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). And a prisoner must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

## III. Analysis

As stated, Defendants bear the burden of proving lack of exhaustion and therefore must demonstrate that there were remedies available to Plaintiff. See Wyatt, 315 F.3d at 1119; Brown, 422 F.3d at 936-37. Defendants maintain that Plaintiff failed to file any grievances regarding his claim that Dubbs and Herrera failed to protect him from an inmate assault on June 1, 2009. Plaintiff acknowledges that he failed to file any grievances addressing this claim. Rather, Plaintiff states that he could not file grievances because of the injury to his hand and, in any event, exhaustion would have been futile because the assault had already taken place.

The Court finds Plaintiff's arguments unavailing because he does not explain how he was able to submit medical request forms but not grievance forms. To the extent that Plaintiff claims in his stricken sur-reply that he had assistance from other inmates with the medical request forms, this still does not explain why he could not obtain assistance with submitting a grievance. Nor does Plaintiff contend that he sought *any* assistance from an officer to submit a grievance or attempt to submit a grievance when he became able to write. In short, Plaintiff does not establish that he could not submit a grievance as to his failure to protect claim.

Plaintiff's main argument, however, is that exhaustion would have been futile because the constitutional violation had already occurred (Doc. 26 at 2-3; 32 at 2-4). This contention has been squarely foreclosed by the Supreme Court's decision in Porter. 534 U.S. at 523. Exhaustion is required, even if an inmate believes the process to be futile.

In short, Defendants have presented evidence that a grievance procedure was available at the jail and Plaintiff failed to utilize it. Plaintiff provides no evidence that he could not submit grievance forms when the record demonstrates that he was able to personally or with assistance submit medical request forms. The Court therefore concludes that Defendants have demonstrated that Plaintiff failed to exhaust available remedies with respect to his claim that Dubbs and Herrera failed to protect him from an inmate assault. Count I and Defendants Dubbs and Herrera will be dismissed.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants' Motion to Dismiss Count I (Doc. 24).

(2) Defendants' Motion to Dismiss Count I is **granted** (Doc. 24).

(3) Count I and Defendants Dubbs and Herrera are **dismissed without prejudice**.

(4) The remaining claim is Count III against Jackson and A6203.

Dated this 29th day of August, 2011.

_____
Robert C. Broomfield
Senior United States District Judge

copies to counsel of record and plaintiff *pro se*