**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Granville Lee Carroll, | No. CV 10-2032-PHX-RCB (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County, et al., | |
| Defendants. | |

Plaintiff Granville Lee Carroll brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County Correctional Officers Jackson and A6203 (Doc. 11).[1] By Order dated January 28, 2011, the Court warned Plaintiff that he must file a Notice of Change of Address if his address changes and that failure to comply may result in the dismissal of this matter (Doc. 12). Rule 83.3(d) of the Local Rules of Civil Procedure further requires Plaintiff to file a notice of change of address 10 days before the move is effective. Also, Plaintiff was informed in the instructions accompanying the form complaint that he must immediately inform the Clerk of Court of a change of address or face possible dismissal. Defendants move to dismiss this case due to Plaintiff's failure to file a notice of change of address (Doc. 39). On November 4, 2011 an Order that was mailed to Plaintiff's most recent address was returned to the Court as "undeliverable" because Plaintiff was released from custody (Doc. 41). Plaintiff has not notified the Court of his current address.

---

[1] All other claims and Defendants were dismissed either upon screening or for failure to exhaust administrative remedies.

Plaintiff has the general duty to prosecute this case. Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her current address, and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (*per curiam*). If the Court were to order Plaintiff to show cause why dismissal was not warranted, the Order "would only find itself taking a round trip through the United States mail." Id.

It is well established that under Federal Rule of Civil Procedure 41(b), a district court has authority to dismiss a plaintiff's action because of his failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962) (a district court has the inherent power to dismiss a case sua sponte for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (1992) (holding that a district court may dismiss an action for failure to comply with any order of the court); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (a district court may dismiss an action for failure to comply with a local rule).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnson, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the

foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The First Amended Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS ORDERED** that the First Amended Complaint and this action are **DISMISSED** without prejudice. All pending motions are denied as moot and the Clerk of Court is directed to enter judgment accordingly.

Dated this 9th day of November, 2011.

_____
Robert C. Broomfield
Senior United States District Judge

copies to plaintiff *pro se* and all counsel of record